UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TERRIANA DAMOND                                        CIVIL ACTION NO.

VERSUS                                                 22-1033-BAJ-EWD

ACTION RESOURCES, LLC, ET AL.

### RULING AND ORDER

Before the Court are two pending motions: (1) a Motion for Leave to File Third Amended Notice of Removal ("Third Motion for Leave"),[1] filed by removing defendant Third Coast Insurance Company ("Third Coast"), which seeks leave of Court to file a Third Amended Notice of Removal in an attempt to adequately allege the citizenship of all parties; and (2) a Motion to Remand,[2] filed by Plaintiff Terriana Damond ("Plaintiff"), which seeks an order remanding this case to state court because Third Coast failed, despite multiple attempts, to adequately allege the citizenship of all parties and failed to obtain the consent of Defendant Jose Cora-Quintero ("Cora-Quintero") before removing this case to federal court. Plaintiff opposes the Third Motion for Leave, and Third Coast opposes the Motion to Remand.[3] Third Coast and Plaintiff have also each filed reply memoranda in support of their respective motions.[4]

The Court will deny the Third Motion for Leave because Third Coast's proposed Third Amended Notice of Removal still fails to fully cure all defective allegations of jurisdiction with respect to the citizenship of Defendant Action Resources, LLC ("Action Resources"). However, because (1) the Court's discretionary examination of the record as a whole, including the citizenship allegations made to date, show at least a substantial likelihood that subject matter

---

[1] R. Doc. 16.
[2] R. Doc. 14.
[3] R. Docs. 18 & 17, respectively.
[4] R. Docs. 21 & 25, respectively.

jurisdiction exists, and (2) 28 U.S.C. § 1653 permits a party to cure defective allegations of jurisdiction through amendment of a notice of removal, Third Coast will be given one last chance to amend its Notice of Removal to establish complete diversity by adequately alleging the citizenship of all parties. Further, because Third Coast will have an opportunity to amend its Notice of Removal, Plaintiff's Motion to Remand will be denied without prejudice to her ability to reurge a Motion to Remand that addresses the allegations in any amended Notice of Removal.

I.  **BACKGROUND**

This is a civil action involving claims for damages allegedly sustained by Plaintiff in a June 10, 2022 car accident.[5] Specifically, Plaintiff claims that she sustained injuries to her lower back, head, and neck when a vehicle driven by Cora-Quintero, who was in the course and scope of his employment with Action Resources, "suddenly and without warning…began to change from the right lane to the left lane when he violently collided with the rear right corner of [Plaintiff's] vehicle throwing it into the concrete barrier on the bridge."[6] Plaintiff also claims that at the time of the collision, Third Coast "had issued a policy of insurance in favor" of either Action Resources and/or Cora-Quintero.[7] On December 1, 2022, Plaintiff filed a Petition for Damages against Action Resources, Cora-Quintero, and Third Coast (collectively, "Defendants") in the Eighteenth Judicial District Court for the Parish of Iberville, State of Louisiana.[8]

On December 16, 2022, Third Coast removed the case to this Court, asserting federal subject matter jurisdiction under 28 U.S.C. § 1332.[9] According to the Notice of Removal, the parties are completely diverse because Plaintiff is a citizen of Louisiana and Defendants are

---

[5] R. Doc. 1-1.
[6] R. Doc. 1-1, ¶¶ 3-6, 10.
[7] R. Doc. 1-1, ¶ 9.
[8] R. Doc. 1-1, p. 4.
[9] R. Doc. 1.

citizens Texas, Alabama, and Wisconsin,[10] and the amount in controversy exceeds $75,000, exclusive of interest and costs.[11] Because the citizenships of Plaintiff and Action Resources were not adequately alleged, a *sua sponte* Notice and Order was issued by the Court on December 29, 2022 requiring Third Coast to file a motion for leave to amend the Notice of Removal by no later January 5, 2023, which attached a proposed comprehensive Amended Notice of Removal that included all of Third Coast's allegations, as revised, supplemented, and/or amended, and which properly alleged the citizenships of Plaintiff and Action Resources.[12]

On January 5, 2023, Third Coast filed a Motion for Leave to File First Amended Notice of Removal ("First Motion for Leave"), which attached a proposed First Amended Notice of Removal.[13] The proposed First Amended Notice of Removal alleged (1) that on information and belief, Plaintiff is domiciled in and a citizen of Louisiana; and (2) that Action Resources is an Alabama "limited liability corporation…[that] is 100% owned by one member, Action Enterprise Holdings, LLC, a limited liability corporation organized under the laws of the State of Delaware with its principal place of business in the State of Alabama."[14] Although the proposed First Amended Notice of Removal adequately alleged Plaintiff's citizenship, it was still deficient because Third Coast did not sufficiently allege the citizenship of Action Resources' sole member,

---

[10] R. Doc. 1, ¶¶ VII – XI. Third Coast alleged that "[b]ased on the information in the…Petition for Damages, Plaintiff…is a person of the full age of majority who is domiciled in East Baton Rouge Parish, Louisiana." *Id.* at ¶ X. However, the Petition simply alleged that Plaintiff is a resident of Baton Rouge, Louisiana, which is not sufficient. R. Doc. 1-1, p. 1. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) ("For diversity purposes, citizenship [of an individual] means domicile; mere residence in the State is not sufficient."). Regarding Defendants, Third Coast alleged (1) that Cora-Quintero is a citizen of Texas, (2) that Action Resources is a "foreign corporation with both its place of incorporation and principal place of business in the State of Alabama," and (3) that Third Coast is a "foreign insurer that is a Wisconsin corporation with its principal place of business in Wisconsin." R. Doc. 1, ¶¶ VII – IX.
[11] As to the amount in controversy, Third Coast explained that Plaintiff's Petition for Damages "specifically asserts '[T]he damages sought by [Plaintiff] exceed the jurisdictional threshold for federal courts.'" R. Doc. 1, ¶V; *see also* R. Doc. 1-1, p. 4.
[12] R. Doc. 6. The *sua sponte* Notice and Order explained that the "citizenship of all other parties has been adequately alleged and the amount in controversy appears met."
[13] R. Docs. 7 & 7-1.
[14] R. Doc. 7-1, ¶¶ X & VIII, respectively. The proposed First Amended Notice of Removal did not comply with the Court's January 5, 2023 Notice and Order as it was not comprehensive.

3

Action Enterprise Holdings, LLC, in accordance with 28 U.S.C. § 1332(a) and (c) and related authority. Because of this, the Court denied Third Coast's First Motion for Leave and ordered Third Coast to file another motion for leave to amend the Notice of Removal by no later than January 13, 2023, which attached a proper, comprehensive amended Notice of Removal and which properly alleged the citizenship of Action Resources.[15]

On January 13, 2023, Third Coast filed a Motion for Extension of Time to File Amended Notice of Removal, which requested an additional seven days to comply with the Court's January 6, 2023 Order.[16] The Court granted the motion, extending Third Coast's deadline to January 20, 2023.[17] However, the Court expressly instructed Third Coast's counsel to review and familiarize himself with the applicable law regarding citizenship allegations for limited liability companies.[18]

On January 20, 2023, Third Coast filed its Motion for Leave to File Second Amended Notice of Removal ("Second Motion for Leave"), which attached a comprehensive, proposed Second Amended Notice of Removal.[19] As to the citizenship of Action Resources, Third Coast alleges (1) that Action Resources' sole member is Action Enterprise Holding, LLC; (2) whose sole member is Bedrock Holdings Group, LLC ("Bedrock Holdings"); (3) which is "owned by the following entities"[20]:

---

[15] R. Doc. 8.
[16] R. Doc. 9.
[17] R. Doc. 10.
[18] Id.
[19] R. Docs. 11 & 11-2.
[20] R. Doc. 11-2, ¶ VIII.

1. Brightwood Capital Fund III Holdings SPV-3, LLC, a Delaware limited liability corporation with its headquarters and principal place of business in the State of New York; Brightwood Capital Fund III Holdings SPV-3, LLC, is owned by Brightwood Capital Fund III, Holdings, LP, a Delaware limited partnership with its headquarters and principal place of business in the State of New York. The partners of Capitol Fund III, Holdings LP, include Brightwood Capital Fund III Holdings, LP (general partner), a limited partnership with its principal place of business in the State of New York and Capitol Fund Managers, III, LLC (limited partner), a Delaware limited liability corporation solely owned by an individual resident of the State of Florida.

2. Brightwood AR Holdings IIII-U, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York;

3. Brightwood AR Holdings II, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business in the State of New York;

4. Brightwood Loan Services, LLC, a Delaware limited liability corporation with its headquarters and principal place of business in the State of New York; Brightwood Loan Services, LLC is solely owned by an individual resident of the State of Florida.

5. United Insurance Company of America, is an insurance corporation organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois;

6. Parkview Capital Credit, Inc., a corporation organized and existing under the laws of the State of Maryland with its headquarters and principal place of business in the State of Texas;

7. Joshua 1:8, LLC, a Delaware limited liability corporation with its headquarters and principal place of business in the State of Alabama. Joshua 1:8, LLC is owned by individuals who are residents of the States of Pennsylvania and Alabama, and none of the individuals are residents the State of Louisiana;

8. Action Management Holdings, LLC, a Delaware limited liability corporation with its headquarters and principal place of business in the State of Alabama. Action Management Holdings, LLC is owned by individuals who are residents of the States of Alabama, Texas, and Florida, and none of the individual owners are residents of the State of Louisiana;

As such, Third Coast alleged that Action Resources is a citizen of "Alabama, Delaware, New York, Florida, Illinois, Pennsylvania and Texas for diversity purposes."[21]

Despite Third Coast's efforts to unwind the members of Actions Resources, the Court nonetheless denied the Second Motion for Leave because (1) the statement that Action Enterprise

---

[21] *Id.*

Holdings, LLC's member, Bedrock Holdings, is "owned" by various entities is insufficient as it does not establish whether those entities are members of Bedrock Holdings, and (2) the citizenship allegations as to the following "owners" of Bedrock Holdings were deficient: (a) Brightwood Capital Fund II Holdings SPV-3, LLC: (b) Brightwood Loan Services, LLC; (c) Joshua 1:8, LLC; and (d) Action Management Holdings, LLC, as Third Coast did not identify each member of these LLCs or state each member's domicile (the "January 24 Order").[22] Unlike prior denials, Third Coast was not ordered to file another motion for leave to amend the Notice of Removal to address the noted deficiencies.[23]

One day after the January 24 Order, Plaintiff filed the Motion to Remand.[24] She argues that this matter must be remanded for the following two reasons: (1) Third Coast has failed to sufficiently plead the citizenship of all parties as required to establish diversity jurisdiction under § 1332 despite multiple opportunities, and (2) Third Coast failed to obtain the consent of Cora-Quintero when it removed this case on December 16, 2022 despite the fact that Cora-Quintero was served, according to Plaintiff, via the Louisiana Long Arm statute on December 15, 2022, thus violating the rule of unanimity.[25] Third Coast opposes remand, arguing (1) that Plaintiff's Motion to Remand is untimely because it was filed forty days after removal even though the motion raises two procedural defects which must be raised within thirty days of the filing of the Notice of Removal under 28 U.S.C. § 1447(c); (2) that Cora-Quintero's consent was not required for removal because he was not served at the time of removal and nothing in the Motion to Remand shows that valid service on Cora-Quintero has occurred; and (3) that Third Coast has sufficiently pled the

---

[22] R. Doc. 13, citing *Perry v. Kiko Management Group, LLC*, No. 21-203, 2021 WL 1950034, at *2, n. 19 (M.D. La. May 14, 2021) (collecting cases) and *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974).
[23] *Id*.
[24] R. Doc. 14.
[25] R. Doc. 14-1. *See also* R. Doc. 25 (Plaintiff's Reply, in which she reiterates the arguments made in her Motion to Remand).

citizenship of all parties in the proposed Third Amended Notice of Removal attached to the Third Motion for Leave.[26]

Five days later, Third Coast filed the Third Motion for Leave, which attached a proposed Third Amended Notice of Removal that contained additional citizenship allegations to address the deficiencies noted in the Court's January 24 Order.[27] Third Coast argues that 28 U.S.C. § 1653 permits it to "cure" defective citizenship allegations and, indeed, has been used by other federal courts to allow a party to "properly allege the citizenship of limited liability companies."[28] Plaintiff opposes the Third Motion for Leave, arguing that leave should be denied because (1) Third Coast has been "freely granted leave to file two prior amendments" but is still unable to adequately establish Action Resource's citizenship, and (2) Third Coast attempts to cure a procedural defect by alleging that Cora-Quintero consents to removal.[29]

## II.    LAW AND ANALYSIS

### A.    Removal Standard

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[30] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs."[31] Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint.[32] The removal statute is strictly construed and

---

[26] R. Doc. 17. As to the citizenship argument, Third Coast filed the Third Motion for Leave on January 30, 2023, which was after the filing of the Motion to Remand but before Third Coast filed its opposition to the remand motion. *See* R. Doc. 16.
[27] R. Doc. 16.
[28] R. Doc. 16.
[29] R. Doc. 18.
[30] 28 U.S.C. § 1441(a).
[31] 28 U.S.C. § 1332(a)-(a)(1).
[32] *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed").

7

any doubt as to the propriety of removal should be resolved in favor of remand.[33] The removing party has the burden of proving federal diversity jurisdiction.[34] Remand is proper if at any time the court lacks subject matter jurisdiction.[35] The Court has a duty to raise the issue of jurisdiction *sua sponte*.[36]

    **B.    Analysis**

Proper information regarding the citizenship of all parties and the amount in controversy is necessary to establish the Court's diversity jurisdiction, as well as to make the determination required under 28 U.S.C. § 1441 regarding whether the case was properly removed to this Court. Here, Third Coast seeks leave to amend its Notice of Removal to sufficiently allege the citizenship of Action Resources, considering that the Court found the original allegations, and the prior proposed curative allegations, defective. Although Third Coast has been given multiple opportunities to cure the defective allegations, it appears that Third Coast has, at each turn, endeavored to correct the allegations, and it has gotten closer each time. For example, the Court's January 24 Order explained that the citizenship allegations as to Action Resources were still defective because the citizenship allegations as to Bedrock Holdings Group, LLC (the sole member of Action Enterprise Holdings, LLC, which is the sole member of Action Resources) were insufficient. Specifically, the January 24 Order explained that the allegations as to the following members of Bedrock Holdings Group, LLC were inadequate for diversity purposes: Brightwood Capital Fund II Holdings SPV-3, LLC, Brightwood Loan Services, LLC, Joshua 1:8, LLC and

---

[33] *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). ("Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'"); *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008), quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).
[34] *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[35] *See* 28 U.S.C. § 1447(c).
[36] *Richard v. USAA Casualty Insurance Company,* No. 17-175, 2017 WL 8944429 (M.D. La. Nov. 30, 2017), citing *Gonzales v. Thaler*, 565 U.S. 134, 141 (2012).

Action Management Holdings, LLC. In addressing these deficiencies, the proposed Third Amended Notice of Removal alleges:

- that Brightwood Capital Fund II Holdings SPV-3, LLC is "100% owned by Brightwood Capital Fund III Holdings, LP," which is a "limited partnership" whose "general partner" is "Brightwood Capital Fund Managers III, LLC," whose "sole member" is Sengal Selassie, a domiciliary of Florida;[37]

- that the sole member of Brightwood Loan Services, LLC is Sengal Selassie, a domiciliary of Florida;[38]

- that the members of Joshua 1:8, LLC are (a) Charles Corpening, a domiciliary of Pennsylvania, (b) Charles Corpening, II, a domiciliary of Pennsylvania, (c) Taylor Pursell, a domiciliary of Alabama, (d) Christopher Harmon, a domiciliary of Alabama, (e) David Hobbs, a domiciliary of Alabama, (f) John Milledge, a domiciliary of Alabama, (g) Mark Murdryk, a domiciliary of Alabama, and (h) Troy Pritchett, a domiciliary of Alabama; and

- that the members of Action Management Holdings, LLC are (a) Staci Pierce, a domiciliary of Alabama; (b) Ryan Hunter, a domiciliary of Alabama; (c) Steve Johnson, a domiciliary of Alabama; (d) Jeff Cowart, a domiciliary of Alabama; (e) Rick Moore, a domiciliary of Texas; (f) Chris Kearns, a domiciliary of Texas; and (g) Luke Frantz, a domiciliary of Florida.[39]

These allegations are sufficient to establish the citizenships of Brightwood Loan Services, LLC, Joshua 1:8, LLC, and Action Management Holdings, LLC because Third Coast identified the members of those entities and pleaded their respective citizenships as required by § 1332(a) and (c).

However, regarding Brightwood Capital Fund II Holdings SPV-3, LLC's citizenship, these allegations are not sufficient. The allegations in the proposed Third Notice of Removal identify Brightwood Capital Fund II Holdings SPV-3, LLC's member, Brightwood Capital Fund III Holdings, LP, and its general partner, Brightwood Capital Fund Managers III, LLC, whose sole member, Sengal Selassie, is domiciled in Florida. But, the proposed Third Amended Notice of

---

[37] R. Doc. 16-2, ¶ XIII(1).
[38] R. Doc. 16-2, ¶ XIII(4).
[39] R. Doc. 16-2, ¶ XIII(8)

Removal stops short of establishing Brightwood Capital Fund III Holdings, LP's (and, thus, Brightwood Capital Fund II Holdings SPV-3, LLC's) citizenship because it does not identify Brightwood Capital Fund III Holdings, LP's limited partner or allege the limited partner's citizenship in accordance with 28 U.S.C. § 1332(a) and (c). Because the citizenship allegations as to Action Resource are still deficient, the Court will deny Third Coast's Third Motion for Leave.

Nonetheless, 28 U.S.C. § 1653 provides that "[d]effective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." "Section 1653 'is liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties.'"[40] Amendments under § 1653 may occur even after the thirty-day period for removing an action under 28 U.S.C. § 1446(b) has expired.[41] While courts may allow amendments under § 1653 to cure "defective jurisdictional allegations," such amendments cannot be used to cure "missing" jurisdictional allegations or procedural defects.[42] Indeed, numerous courts, including this one, have allowed amendments under § 1653 so that a party may "identify the citizenship of the members of partners of an unincorporated entity," such as an LLC, where the original notice of removal fails to do so.[43] As the Fifth Circuit explained, "[m]otions to amend under Section 1653

---

[40] *Moore v. Gladiator Events, LLC*, No. 15-1877, 2015 WL 5459625, at *2 (N.D. Tex. Sept. 15, 2015), citing *Moreno Energy, Inc. v. Marathon Oil Co*., 884 F.Supp.2d 577, 586-87 (S.D. Tex. 2012) (citations omitted).
[41] *Id*. at * 2 (collecting cases).
[42] *Id., citing Grand Texas Homes, Inc. v. Am. Safety Indem. Co.*, No. 12-1773, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) and *Sanders v. Leggett & Platt, Inc.*, No. 10-979, 2010 WL 3282978, at *1 (N.D. Tex. Aug. 17, 2010).
[43] *See, e.g.*, *MidCap Media Finance, L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310 (5th Cir. 2019) (remanding case to district court to allow amendment of jurisdiction allegations under § 1653 because "there [was] some reason to believe that jurisdiction exists"); *Mullins v. Testamerica Inc.*, 300 Fed.Appx. 259 (5th Cir. 2008) (remanding case to the district court so that a limited partnership could amend its notice of removal to address "deficient allegations of diversity"—chiefly, the identity and citizenship of the partners); *Million v. Exxon Mobil Corp./ExxonMobil Chemical Co.*, No. 17-60, 2017 WL 11015877 (M.D. La. June 6, 2017) (ordering plaintiff, pursuant to § 1653, to seek leave to file an amended complaint "providing the citizenship of Brock Services, LLC" and other defendants); *Brown & Root Indus. Services, LLC v. Nelson*, No. 17-361, 2017 WL 7693163 (M.D. La. Oct. 31, 2017) (requiring defendant to "amend his allegations regarding Plaintiff's citizenship [pursuant to § 1653] to determine whether original jurisdiction pursuant to 28 U.S.C. § 1332 exists"); *Moore*, 2015 WL 5459625 (citing § 1653 and permitting a defendant to amends its notice of removal to allege a defendant limited liability company's member and the member's citizenship, among other things); *Moreno*, 884 F.Supp.2d 577 (finding that leave to amend notice of removal to adequately allege identify members or partners of unincorporated association defendants and allege the members' or partners' respective citizenships was appropriate under § 1653); *Alvarez v. Aldi (Texas), L.L.C.*, No. 13-4122, 2014 WL 1694901 (N.D.

may be considered when 'our discretionary examination of the record as a whole establishes at least a substantial likelihood that jurisdiction exists.'"[44]

Although Third Coast has not established complete diversity, the parties whose citizenships have been sufficiently pleaded are diverse. Additionally, the Court's "discretionary examination of the record as a whole" shows "at least a substantial likelihood that jurisdiction exists." Under these facts and considering that § 1653 permits a party to amend defective allegations of jurisdiction, such as the failure to adequately allege the citizenship of a limited liability company in a notice of removal, the Court will give Third Coast one last opportunity under § 1653 to cure the defective allegations of jurisdiction. Third Coast will be ordered to file a Motion for Leave to Amend within seven days of the date of this Order, that attaches a proposed, comprehensive Amended Notice of Removal that adequately alleges the citizenship of all parties. If leave is granted by the Court, Third Coast's Amended Notice of Removal will become the operative Notice of Removal in this matter. Third Coast is advised that this is its last opportunity to amend the Notice of Removal. Failure to fully comply with this Ruling and Order will result in a *sua sponte* recommendation that this case be remanded for lack of subject matter jurisdiction.

Because Third Coast will be given a final opportunity to amend its Notice of Removal, and because the Court has not discussed, much less ruled on, any purported procedural deficiencies raised in Plaintiff's Motion to Remand or in Third Coast's opposition to that Motion, the Court will deny Plaintiff's Motion to Remand without prejudice to Plaintiff's ability to reurge a Motion to Remand that addresses the allegations as set forth in any Amended Notice of Removal filed by Third Coast.[45]

---

Tex. Apr. 28, 2014) (denying plaintiff's motion to remand and noting the allegation that the limited liability company was a "citizen of Illinois" was "of no moment" because such allegation "may be corrected by amendment" under § 1653).
[44] *Swindol v. Aurora Flight Sciences Corp.*, 805 F.3d 516, 518 (5th Cir. 2015).
[45] *See Moore v. Miller*, No. 15-180, 2016 WL 447152 (M.D. La. Jan. 14, 2016), report and recommendation adopted,

Accordingly, for the reasons explained above,

**IT IS ORDERED** that the Motion for Leave to File Third Amended Notice of Removal,[46] filed by Defendant Third Coast Insurance Company, is **DENIED** for failure to adequately allege the citizenship of all parties.

**IT IS FURTHER ORDERED** that by no later than **Wednesday, September 6, 2023**, Third Coast shall file a Motion for Leave to Amend, which attaches a proposed, comprehensive amended Notice of Removal that includes all of Third Coast's allegations, as revised supplemented, and/or amended, and which properly alleges the citizenships of all parties, as explained in this and other Orders.[47] **Failure to timely file a Motion for Leave to Amend and/or to adequately allege the citizenship of any party will result in a *sua sponte* recommendation that this case be remanded to state court for lack of subject matter jurisdiction.**

**IT IS FURTHER ORDERED** that the Motion to Remand,[48] filed by Plaintiff Terriana Damond, is **DENIED** without prejudice to her ability to reurge a Motion to Remand addressing the allegations set forth in any Amended Notice of Removal filed by Third Coast.

Signed in Baton Rouge, Louisiana, on August 30, 2023.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

2016 WL 451353 (M.D. La. Feb. 4, 2016) (finding that a plaintiff's motion to remand raising a procedural defect with removal was timely filed because it was filed within thirty days of the date the removing defendant filed a court-ordered amended notice of removal); *Smith v. Marquette Transportation Co., L.L.C.*, No. 16-1545 (W.D. La. Aug. 1, 2017), report and recommendation adopted, 2017 WL 3648321 (W.D. La. Aug. 21, 2017) (finding that "an amended Notice of Removal should trigger a new 30-day period in which a Plaintiff can move to remand.").

[46] R. Doc. 16.
[47] *See* R. Docs. 6, 8, 10, 13.
[48] R. Doc. 14.